IN RE ESTATE OF PETER NISSEN.
AUGUST NISSEN, APPELLANT, V. CHRIS DAHL, EXECUTOR, APPELLEE.

279 N. W. 782

FILED MAY 20, 1938.   No. 30220.

*T. F. Donelson* and *L. T. Fleetwood,* for appellant.

*Clarence E. Haley, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

This is an appeal by August Nissen from so much of the judgment of the district court for Cedar county as directs the deduction of $1,100 by the executor of the estate of his father, Peter Nissen, from his distributive share in his father's estate.

The following facts are disclosed by the record before us: On February 20, 1929, August Nissen, for a valuable consideration, executed and delivered his promissory note in writing, for $800, payable to his father, Peter Nissen, the payee therein named, on August 20, 1929. On January 19,

1931, August Nissen, for a valuable consideration, executed and delivered his second promissory note in writing, for $300, payable July 19, 1931, to his father Peter Nissen, the payee therein named. Peter Nissen departed this life on May 4, 1933, leaving a last will and testament bearing date of September 10, 1931, and petition for probate of this instrument was filed in the county court of Cedar county on May 8, 1933, and a proper decree entered by that court in that cause duly admitting the same to probate was made on May 26, 1933.

This will, which may be said to be in usual form generally, provided for the payment of the testator's debts, the appointment of an executor, and certain specific legacies, and contained a residuary clause, of which the following relates to the present litigation, viz.:

"Fifth. I give, devise and bequeath all the remainder of my estate, both real and personal, to my other sons * * * as hereinafter specifically set forth, share and share alike, 'Ole Nissen,' 'August Nissen,' * * * with the following stipulation that should any of the aforesaid heirs be indebted to me at the time of my decease, the amount of such indebtedness shall be deducted from his or her part and distributed equally among the aforesaid heirs. This clause particularly applies to my son, August Nissen, to whom I have loaned the sum of Eleven Hundred Dollars as evidenced by two promissory notes of $800 and $300 respectively, both of which are still unpaid."

The executor named in the will qualified as by law provided, and in due course of administration of this estate filed his final report. This report disclosed that the share of August Nissen was charged by him with the two notes aggregating $1,100 and interest. To this report, August Nissen filed objections, which included the claim that the statute of limitations had run against said notes, and as such they are neither assets belonging to the estate nor charges or set-offs against August Nissen's distributive share therein. The county court of Cedar county denied the objector's contention. He appealed to the district court

for Cedar county wherein his claim, so far as based on the statute of limitations, was disallowed. He now presents this contention at the bar of this court.

The testator died on May 4, 1933. His will speaks from his death. The nature of the obligations involved, written promissory notes for the payment of money, renders applicable a five-year statute of limitations. Comp. St. 1929, sec. 20-205. But appellant's promissory notes were not for any purpose adversely affected by this statute of limitations at the time of his father's death. His father's will on the date of his father's death, and as of that instant, determined and measured his rights of inheritance and succession. This power so exercised by the testator, Peter Nissen, was clearly vested in him by our statute of wills, which was ample to authorize the deduction of the $1,100 here in suit, as directed by the provisions of that instrument hereinbefore quoted.

It follows that the judgment of the district court is, in all things correct, and it is

AFFIRMED.